## NATIONAL LABOR RELATIONS BOARD v. NATIONAL BISCUIT CO.

### No. 10275.

United States Court of Appeals
Third Circuit.

Argued Nov. 10, 1950.
Decided Nov. 21, 1950.

Edwin Lerten, Washington, D. C. (David P. Findling, Associate General Counsel, A. Norman Somers, Assistant General Counsel, Owsley Vose, George H. Plaut, Attorneys, National Labor Relations Board, Washington, D. C., on the brief), for petitioner.

Charles C. Arensberg, Pittsburgh, Pa. (Patterson, Crawford, Arensberg & Dunn, Pittsburgh, Pa., E. W. Barto, New York City, on the brief), for respondent.

Before MARIS, GOODRICH and HASTIE, Circuit Judges.

PER CURIAM.

The National Labor Relations Board has petitioned this court to enforce its order against the respondent to cease and desist from certain unfair labor practices, to direct the reinstatement of a discharged employee with back pay and to post the usual notices. The proceeding before the Board began with a charge of unfair labor practices by a local union filed March 17, 1948. The record discloses that under date of April 23, 1948 the complaining union and the respondent reached an agreement in writing for the settlement of their differences and it was conceded at bar that thereafter the respondent ceased the unfair labor practices complained against, posted a notice in the usual form required by the Board, except that it did not state that it was being posted pursuant to an order of the Board, gave back pay to the discharged employee in question and offered him reinstatement which he declined.

Under these circumstances it is difficult for us to see any justification for the entry of the decree petitioned for. So far as we can see the only interest involved is that of the Board. It desires a second notice posted which will recite that it is posted pursuant to the order of the Board and it wants us to direct the respondent to repeat the ritual of offering reinstatement to an employee who has already declined it and who has received his back pay. The powers conferred upon this court by the National Labor Relations Act to enforce the orders of the Board are equitable in nature and may be invoked only if the relief sought is consistent with the principles of equity. Those principles do not move us to enter a mandatory injunctive decree requiring the respondent to do things which it has already done.

When it comes to the injunction sought against the respondent's unfair labor practices it would appear that we must under National Labor Relations Board v. Mexia Textile Mills, 1950, 339 U.S. 563, 70 S.Ct. 826, grant the injunction sought even though the respondent has made its peace with the complaining union and the latter has requested the Board to dismiss the complaint as to the unfair labor practices. For we are satisfied that there was substantial evidence to support the Board's findings as to these practices. The decree will, however, be limited to the specific practices complained against. National Labor Relations Board v. Express Pub. Co., 1941, 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. 930.

The petition will be granted to the extent indicated in this opinion. A decree may be submitted under Rule 18(10).