NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

AMERICAN DREDGING COMPANY,
Respondent.

No. 12918.

United States Court of Appeals
Third Circuit.

Dec. 8, 1959.

Decided Jan. 8, 1960.

Rehearing Denied April 26, 1960.

Melvin Pollack, Washington, D. C. (Stuart Rothman, Gen. Counsel, Thomas J. McDermott, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Arthur C. Katims, Atty., National Labor Relations Board, Washington, D. C., on the brief), for petitioner.

A. V. Cherbonnier, New York City (Krusen, Evans & Shaw, Philadelphia, Pa., on the brief), for respondent.

Before KALODNER, STALEY and HASTIE, Circuit Judges.

STALEY, Circuit Judge.

The primary issue presented by this petition is the appropriateness of the National Labor Relation Board's (Board) order requiring the American Dredging Company (respondent) to reimburse its employees for initiation fees, dues and other monies paid to Local 825 (Dredgemen's Branch), International Union of Operating Engineers, AFL-CIO (union).

The Board here seeks enforcement of its order[1] issued against the respondent pursuant to Section 10(c) of the National Labor Relations Act, 29 U.S.C. § 151 et seq., 29 U.S.C.A. § 151 et seq. The Board, sustaining its trial examiner, found that respondent had violated Section 8(a) (1), (2), and (3) of the Act in that it contributed illegal financial assistance to the union by compensating one of respondent's supervisors to represent the interests of the employees in grievance matters; violated the Act by maintaining and giving effect to illegal closed shop hiring provisions in the collective bargaining contract between respondent and the union; and, by unlawfully delegating its hiring authority to a member of the union, bound as such by the international union's constitution to hire only members of the union, in effect agreed to operate under an illegal closed shop agreement in contravention of the Act. The facts of record sustain the findings of the Board.

The respondent devoted little attention in its brief and oral argument to its contention that there was an absence of substantial evidence in the record to support the findings of the Board. It is manifestly clear from a reading of the record that the findings and conclusions are amply supported. However, the respondent vigorously challenges the appropriateness of the affirmative remedy proposed by the Board, and discussion of this aspect of the case appears warranted.

Specifically, the issue is drawn in regard to Section 2(b) of the Board's order, which provides that respondent shall:

"2. Take the following affirmative action, which the Board finds will effectuate the policies of the Act:

\* \* \* \* \* \*

"(b) Reimburse its employees and former employees for monies illegally exacted from them in the manner and to the extent set forth in 'The Remedy' section of this Decision and Order."

This remedy, which is referred to by the Board as the Brown-Olds remedy,[2] was not recommended by the trial examiner

1. The Board's decision and order are reported at 122 N.L.R.B. No. 92.

2. The remedy takes its name from the case of United Association of Journeymen & Apprentices of Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO (J. S. Brown-E. F. Olds Plumbing & Heating Corporation), 115 N.L.R.B. 594.

but added by the Board upon motion of the General Counsel.

We are cognizant that our authority to deny enforcement to orders of the Board is not unlimited. As the Supreme Court stated in National Labor Relations Board v. Warren Company, 1955, 350 U.S. 107, 113, 76 S.Ct. 185, 188, 100 L.Ed. 96, "The granting or withholding of such remedial action is not wholly discretionary with the court. This is true not only under the National Labor Relations Act but also under general principles of equity jurisprudence." The oft-stated principle enunciated in National Labor Relations Board v. Seven-Up Bottling Co., 1953, 344 U.S. 344, 346–347, 73 S.Ct. 287, 289, 97 L.Ed. 377, succinctly sets forth the standard: "When the Board, 'in the exercise of its informed discretion,' makes an order of restoration by way of back pay, the order 'should stand unless it can be shown that the order is a patent attempt to achieve ends other than those which can fairly be said to effectuate the policies of the Act.' " [3]

In a number of cases we have had occasion to deny enforcement based on these principles. In those cases we said that since the powers conferred on courts of appeal by the Act are equitable in nature, they "may be invoked only if the relief sought is consistent with the principles of equity." National Labor Relations Board v. Kingston Cake Co., 3 Cir., 1953, 206 F.2d 604, 611; National Labor Relations Board v. Globe Automatic

Sprinkler Co., 3 Cir., 1952, 199 F.2d 64; National Labor Relations Board v. National Biscuit Co., 3 Cir., 1950, 185 F.2d 123.

In the circumstances of this case, we cannot perceive how reimbursing employees who the evidence shows were all union members for initiation fees, dues and other monies paid to the union could in any way effectuate the policies of the Act. This case involves preferment of union members for employment, and thus it is incomprehensible to us how reimbursing them for initiation fees, dues payments, etc., paid to their union can be anything but a windfall to the employees and an unjust penalty to the employer.[4] This was certainly no purpose of the National Labor Relations Act.

It is also noteworthy that the remedy proposed by the Board is so lacking in specificity as to be unenforceable. Although the respondent's liability is limited to the period beginning six months prior to the filing of charges, it encompasses initiation fees, dues, and assessments paid to the union. The record is barren of any evidence indicating that any employee was required to join the union to obtain a job with the respondent; on the contrary, the record supports the finding of discrimination in employment by hiring only union members. Just what initiation fees are to be reimbursed? For aught that appears, reimbursement is to be made to any new union members (those who joined the union within six months of the filing of

---

3. In National Labor Relations Board v. Bradford Dyeing Ass'n, 1940, 310 U.S. 318, 342, 60 S.Ct. 918, 930, 84 L.Ed. 1226, it was stated:

"If the Board has acted within the compass of the power given it by Congress, has, on a charge of unfair labor practice, held a 'hearing,' which the statute requires, comporting with the standards of fairness inherent in procedural due process, has made findings based upon substantial evidence and has ordered an appropriate remedy, a like obedience to the statutory law on the part of the Court of Appeals requires the court to grant enforcement of the Board's order."

We do not consider the opinion, however, as holding that a court of appeals has no power to refuse to enforce a particular part of the order which it deems not reasonably calculated to effectuate the policies and purposes of the Act. This interpretation, we think, is in line with both the language and decision in the cases cited in the body of this opinion.

4. This is not the case of a company-sponsored union, and therefore such cases are hardly apposite. See, i. e., Virginia Electric & Power Co. v. National Labor Relations Board, 1943, 319 U.S. 533, 63 S.Ct. 1214, 87 L.Ed. 1568.

charges) although they did not join the union in specific contemplation of a job with respondent.

The order of the Board as modified herein will be enforced. A proposed decree may be submitted.