**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THE UNITED STATES OF
AMERICA FOR THE USE AND
BENEFIT OF JOSEPH SHISKO,
INCORPORATED, a South Carolina
Corporation,
<u>Plaintiff-Appellant,</u>

v.                                                            No. 98-1042

METRIC CONSTRUCTORS,
INCORPORATED; AETNA CASUALTY &
SURETY COMPANY,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Julian Abele Cook, Jr., Senior District Judge, sitting by designation.
(CA-94-1894)

Argued: October 28, 1998

Decided: December 18, 1998

Before NIEMEYER and MICHAEL, Circuit Judges, and
BOYLE, Chief United States District Judge for the
Eastern District of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Timothy William Bouch, YOUNG, CLEMENT, RIVERS
& TISDALE, L.L.P., Charleston, South Carolina, for Appellant.

James Livingston Bruner, BRUNER, POWELL & ROBBINS, L.L.C., Columbia, South Carolina, for Appellees. **ON BRIEF:** Stephen P. Groves, Sr., Stephen L. Brown, YOUNG, CLEMENT, RIVERS & TISDALE, L.L.P., Charleston, South Carolina, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joseph Shisko, Inc. (Shisko) appeals from the judgment entered in favor of Metric Constructors, Inc. (Metric) and its surety, Aetna Casualty & Surety Co., on Shisko's claims for breach of contract and violation of the Miller Act, 40 U.S.C. § 270(b). Metric was the general contractor hired to build a new federal correctional facility in Estill, South Carolina. Metric subcontracted with Shisko to paint the facility. Shisko alleges, among other things, that Metric mismanaged the project by improperly coordinating and sequencing the work of subcontractors, permitting other tradesmen to damage Shisko's completed work, and scheduling and rescheduling Shisko's work in an inefficient way (and without adequate notice). This mismanagement, Shisko claims, required it to work an extra 152 days on the job, and it sought damages for this alleged delay.

After a bench trial, the district court concluded that neither the subcontract (which had a "no damages for delay" clause) nor South Carolina case law allowed Shisko any recovery for damages due to delays. The court also found, in any event, that Shisko failed to give adequate notice of its claims for additional compensation as required by the subcontract. Finally, the court relied on United States f/u/b Shields, Inc. v. Citizens and Southern National Bank, 367 F.2d 472 (4th Cir. 1966), to indicate that Shisko did not adequately apportion delay damages between those that were and were not attributable to Metric's mismanagement.

2

After considering the parties' briefs, the appendix, and the arguments of counsel, we affirm on the findings and conclusions of the district court. <u>See United States f/u/b Joseph Shisko, Inc. v. Metric Constructors, Inc. and Aetna Cas. & Sur. Co.</u>, No. CA 94-1894-19, order (D.S.C. Dec. 10, 1997).

<u>AFFIRMED</u>